IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN LUIS LEONOR, a/k/a JUAN ARMAND, | ) ) ) | |
| Petitioner, | ) ) | 4:05cv3162 |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ROBERT HOUSTON, | ) ) ) | |
| Respondent. | ) | |

    This case is before the court on the following pending matters: (1) filing no. 9, the Motion for Leave to Amend Petition for Writ of Habeas Corpus, filed by the petitioner, Juan Luis Leonor; (2) filing no. 15, a letter from the petitioner requesting information; (3) filing no. 20, the petitioner's Objection to the respondent's Motion for Summary Judgment; (4) filing no. 21, the petitioner's Motion for Extension of Time; and (5) filing no. 22, the petitioner's Motion for Order of Injunctive Relief.

    IT IS ORDERED:

    1.    That filing no. 9, the petitioner's Motion for Leave to Amend Petition is granted, and filing no. 12, the petitioner's Amended Petition is accepted for filing instanter;

    2.    That in response to filing no. 15, the petitioner's letter of inquiry, the Amended Petition has been received by the court and has been filed as filing no. 12;

    3.    That filing nos. 20, 21 and 22 are granted to the following extent: the petitioner shall have until January 30, 2006 to respond to the respondent's Motion for Summary Judgment; if the petitioner finds that he requires additional time, he may file a motion *before* January 30, 2006 for further enlargement of time; in his response, the petitioner should address the affirmative defense raised in the respondent's Motion for Summary Judgment, i.e., failure to exhaust one or more claims which, according to the respondent, would not be barred from presentation to a state court in a second postconviction action;[1] and the petitioner does not need to photocopy any documents to send to the court; if the petitioner wishes to refer any case law or statutes to the court, he may simply give their citation, and the judges will read the cited authorities in their own library; if the petitioner wishes the court to refer to parts of the record, he need only identify

---

[1] The respondent does not allege that any claim is procedurally defaulted, and the respondent affirmative states that the habeas petition is timely.

1

those parts of the record sufficiently for the court to request them from the respondent; finally, extensions of time are freely granted, especially in habeas cases, and most particularly when, as in this case, the court's delay in ruling on motions impeded the petitioner's good faith efforts to meet a deadline.

DATED this 18th day of November, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge