IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN LUIS LEONOR, a/k/a JUAN ARMAND,<br><br>        Petitioner,<br><br>vs.<br><br>ROBERT HOUSTON,<br><br>        Respondent. | 4:05cv3162<br><br>MEMORANDUM AND ORDER<br>and<br>PROGRESSION ORDER |

      This matter is before the court on filing no. 17, the respondent's Motion for Summary Judgment. In his Amended Habeas Corpus Petition (filing no. 12), the petitioner, Juan Luis Leonor, alleges violations of his constitutional rights in connection with a judgment in the District Court of Douglas County, Nebraska, on or about November 28, 2000, for aiding and abetting second degree murder, first-degree assault and use of a deadly weapon to commit a felony.

      In his first, second and fourth grounds for habeas relief, the petitioner alleges claims of ineffective assistance of trial and appellate counsel. In his third ground, the petitioner alleges that the state postconviction judge refused to allow him to amend his postconviction motion, thereby violating the Due Process Clause and federal law. As his fifth ground for relief, the petitioner alleges prosecutorial misconduct in the form of inconsistent theories of the case in the trials of the petitioner and his co-defendant, and the petitioner maintains his actual innocence of the offenses of conviction.

      The respondent contends that none of the petitioner's claims has been exhausted. However, according to the respondent, if any claim has been exhausted, then the petitioner has filed a "mixed petition" because none of the other claims has been exhausted. Therefore, the respondent advocates requiring the petitioner to choose between (1) agreeing to dismissal of the above-entitled case, without prejudice, to allow the petitioner to return to state court to exhaust his unexhausted claims, or (2) amending the § 2254 petition to proceed only on the exhausted claim, assuming there is any, in this court. See

1

generally Pennington v. Norris, 257 F.3d 857, 854 (8th Cir. 2001):

> When dealing with traditional "mixed" petitions, we have stated that "[w]e believe the petitioner should make the choice whether to amend [the] petition and delete the unexhausted claims or to proceed in state court on the unexhausted claims."... Thus "[w]hen presented with a petition containing both exhausted and unexhausted claims, a district court must either dismiss the entire claim without prejudice or permit the petitioner to dismiss the unexhausted claims."

(Citations omitted.)

### Distinctions Between Exhaustion and Procedural Default

The respondent has confused the concepts of procedural default and exhaustion. According to the respondent, the Nebraska appellate courts refused to render a decision on the petitioner's claims of ineffective assistance of counsel because the petitioner failed to comply with the rule that an error alleged on appeal must be both specifically assigned and specifically argued in the brief of the party asserting the error on appeal.

Failure to preserve a claim for consideration by a state appellate court constitutes one form of procedural default. In that event, "[a] federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004). Thus, when a petitioner has failed to follow a state procedural rule for a claim and thereby forfeits the claim in the state courts, procedural default occurs for purposes of a subsequent federal habeas corpus proceeding.[1]

A procedurally defaulted claim is, however, **exhausted** for purposes of 28 U.S.C. § 2254. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). The inability to obtain a state-court ruling on a claim because of a procedural default renders that claim "exhausted" for federal habeas corpus purposes, but the procedural default bars federal habeas review

---

[1] "For the federal court to enforce a state procedural bar, either the state court must have declined to reach the issue for procedural reasons or it is clear that the state court would hold the claim procedurally barred. The default must have been actually imposed; it is not enough that the state court *could* or *should have* imposed a default." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (emphasis in original; citation omitted).

unless the petitioner can show cause for and prejudice from the procedural failure, so as to "excuse" the procedural default. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004). See also Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003):

> Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement ... refers only to remedies still available at the time of the federal petition," it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law." However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

(Citation omitted.).

The proposal that the petitioner return to state court to "exhaust" his claims is disingenuous. As the respondent well knows, under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." State v. Ortiz, 670 N.W.2d 788, 792 (Neb. 2003).[2] None of the petitioner's claims was unavailable at the time of his initial postconviction action. Proceeding pro se on appeal in his postconviction action, the petitioner, at most, simply failed to comply with state rules for preserving the issues on appeal.

Thus, as stated, the petitioner's inability to return to state court for a ruling on a defaulted claim renders that claim "exhausted" for federal habeas corpus purposes. The question now becomes whether the petitioner will be able to demonstrate (a) that he did exhaust one or more claims, i.e., by sufficient presentation of one or more claims to the Nebraska appellate courts so that such claims were not, in fact, procedurally defaulted; and/or (b) cause and prejudice to excuse the procedural default of any defaulted claims.

---

[2]Similarly, under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003); Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002). Generally, a claim must be raised at the earliest opportunity to avoid a subsequent bar.

3

**Cause and Prejudice to Excuse Procedural Default**

The petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the procedural default of any defaulted claim. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

**Claims of Error in Postconviction Proceedings**

The petitioner's third § 2254 claim will have to be dismissed because errors during state postconviction review are not cognizable in a federal habeas corpus proceeding. See, e.g., Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by state post-conviction court to hold a hearing and provide written findings are not cognizable in federal

habeas corpus action).

Thus, relief under 28 U.S.C. § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state post-conviction] process are not cognizable in federal habeas proceedings"); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). Therefore, the petitioner's third ground for habeas corpus relief must be dismissed on the court's own motion.

### Progression Order

Other than the dismissal on the court's own motion of the petitioner's third ground for habeas corpus relief, the respondent's Motion for Summary Judgment is denied. As to the petitioner's remaining claims and the issues discussed above, the parties shall submit briefs in accordance with the schedule set forth below.

IT IS THEREFORE ORDERED:

1. That filing no. 17, the respondent's Motion for Summary Judgment, is denied;

2. That the petitioner's third ground for habeas corpus relief, i.e., the refusal by the state postconviction judge to allow the petitioner to amend his postconviction motion, is dismissed sua sponte;

3. That by June 30, 2006, each party shall file a brief on the issues discussed

above, the merits of the petitioner's first, second, fourth and fifth claims, and any other matter(s) that party may wish to address;

    4.    That by July 28, 2006, each party shall file a brief in response to the other party's brief;

    5.    That no party shall fail to address the merits of a claim on the theory that some other issue is dispositive;

    6.    That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs; and

    7.    That each party may request one reasonable extension of time.

June 1, 2006.        BY THE COURT:

        s/ *Richard G. Kopf*
        United States District Judge