IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN LUIS LEONOR, a/k/a          )
JUAN ARMAND                      )
                                 )          4:05cv3162
              Petitioner,        )
                                 )     MEMORANDUM AND ORDER
       vs.                       )
                                 )
ROBERT HOUSTON,                  )
                                 )
              Respondent.        )

       This matter is before the court on filing nos. 35, 36, 37, and 38, Motions for Leave
to conduct discovery filed by the petitioner, Juan Luis Leonor; and filing no. 39, the
respondent's Objection to the requested discovery.  The petitioner requests appointment
of counsel and leave to serve discovery requests on trial counsel for the defendant and on
counsel for the State, so as to establish that certain witnesses at the petitioner's trial gave
false testimony in exchange for favors or deals in their own criminal cases.[1]

       I have previously entered a Progression Order (filing no. 27) directing the parties to
file briefs on the following issues:

       1.     Whether or not the petitioner's first, second, fourth and fifth claims[2] for
habeas relief are procedurally defaulted, and, if so, whether or not grounds exist to excuse
the procedural default;

       2.     The merits of the petitioner's first, second, fourth and fifth habeas claims,
based on the existing record of the state court proceedings.

       Pursuant to 28 U.S.C. § 2254(b)(2), a habeas claim may be denied on the merits
even if the claim has not been exhausted all the way through the state court system (or has

---

[1]The petitioner is serving a prison sentence pursuant to a judgment in the District
Court of Douglas County, Nebraska, on or about November 28, 2000, for aiding and
abetting second degree murder, first-degree assault and use of a deadly weapon to
commit a felony.

[2]The petitioner's third habeas claim has been dismissed (filing no. 27).

1

been procedurally defaulted).   However, a federal court may not ordinarily grant an unexhausted or procedurally defaulted habeas claim. Therefore, the first issue stated above, i.e., procedural default, must be addressed by the petitioner, before any of his claims will be considered on the merits.  In addition, the ordinary course is to consider habeas claims on the basis of the state court record unless applicable law authorizes supplementation of the record.  Absent resolution of the respondent's affirmative defense of procedural default, any such supplementation would be premature and unwarranted at the very least.

IT IS THEREFORE ORDERED:

1.      That filing nos. 35, 36, 37, and 38, the petitioner's Motions for Leave to conduct discovery, are denied;

2.      That filing no. 39, the respondent's Objection to discovery, is granted; and

3.      That the parties shall submit their briefs in accordance with the schedule set forth in filing no. 34, the court's Memorandum and Order of September 5, 2006, extending the Progression Order deadlines.

October 24, 2006.               BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

2