IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN LUIS LEONOR, | ) | 4:05CV3162 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL KENNEY, and ROBERT | ) | |
| HOUSTON, | ) | |
| | ) | |
| Respondents. | ) | |

Juan Luis Leonor ("Leonor") has filed a Motion for Reconsideration under Rule 60(b) (Filing No. 82) of an adverse ruling on his habeas corpus petition that was issued many years ago. In that ruling, I decided that certain ineffective assistance of trial counsel claims were procedurally defaulted. (Filing No. 53 at CM/ECF pp. 9-14, 19.)

The Rule 60(b) motion is predicated upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) (holding that where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective). The motion will be denied.

There are a host of reasons why I deny the motion. I have serious doubts about whether *Martinez* applies to Nebraska as a categorical matter because Nebraska does not bar ineffective assistance of trial counsel claims on direct appeal or in motions for new trial.[1] I also have serious doubts about whether Leonor's ineffective assistance

---

[1] *See Dansby v. Hobbs*, 691 F.3d 934, 936-938 (8th Cir. 2012) (denying petition for rehearing and applying the "narrow rule" from *Martinez* after examining Arkansas law).

of trial counsel assertions are "substantial" within the meaning of *Martinez*. But, I need not address those matters more fully. There is a simpler explanation.

This federal case was final no later than October 6, 2008 when the Supreme Court denied Leonor's petition for writ of certiorari regarding the denial of his habeas petition. (Filing No. 79.) The state criminal case and the state post-conviction action were final many years before that.[2] The reasoning of the *Martinez* decision, which forms the legal basis for Leonor's Rule 60(b) motion, does not present the required "extraordinary circumstance" justifying reopening the defaulted claims, particularly because this case has been final for many years and murder cases like this one are especially deserving of finality. *Lopez v. Ryan*, 678 F.3d 1131, 1135 (9th Cir. 2012) (affirming denial of Rule 60(b) motion in a death penalty case and holding that *Martinez v. Ryan* was not an extraordinary circumstance justifying reopening of the petitioner's claims).

IT IS THEREFORE ORDERED that the Motion for Reconsideration under Rule 60(b) (Filing No. 82) is denied.

January 10, 2013                    BY THE COURT:

                                    *Richard G. Kopf*
                                    Senior United States District Judge

---

[2]The underlying state criminal case was final no later than February 21, 2002, when the Nebraska Supreme Court issued its mandate. (No petition for writ of certiorari was filed.) The underlying state post-conviction action was final no later than July 7, 2005, when the Nebraska Supreme Court issued its mandate.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.