IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN LUIS LEONOR,

        Petitioner,

vs.

ROBERT HOUSTON,

        Respondent.

4:05CV3162

**MEMORANDUM AND ORDER**

This matter is before the court on Petitioner Juan Luis Leonor's ("Leonor") Motion for Leave to Amend Habeas Corpus Petition (Filing No. 103) and Motion to Reopen Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (Filing No. 104). For the reasons that follow, the motions will be denied.

## I. BACKGROUND

The court denied Leonor habeas relief on July 5, 2007. (Filing No. 53; Filing No. 54.) In that ruling, the court determined that certain ineffective assistance of trial counsel claims were procedurally defaulted. (Filing No. 53 at CM/ECF pp. 9-14, 19.) Leonor ultimately appealed that decision to the U.S. Supreme Court. (Filing No. 79.) The Court denied Leonor's petition for writ of certiorari on June 20, 2008. (*Id.*)

On June 13, 2012, Leonor filed a Rule 60(b) motion predicated upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) (holding that where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review proceeding, there was no counsel or counsel in that proceeding was ineffective). (Filing No. 82.) The court denied Leonor's motion. (Filing No. 83.) It first stated

that it had "serious doubts" about (1) whether *Martinez* applies to Nebraska because Nebraska does not bar ineffective assistance of trial counsel claims on direct appeal or in motions for new trial, and (2) whether Leonor's ineffective assistance of trial counsel claims were "substantial" within the meaning of *Martinez*. (*Id*.) Ultimately, the court determined that there was a simpler explanation: *Martinez* "does not present the required 'extraordinary circumstance' justifying reopening the defaulted claims, particularly because this case has been final for many years and murder cases like this one are especially deserving of finality." (*Id*.) (citation omitted)

Leonor appealed to the Eighth Circuit Court of Appeals, which denied him a certificate of appealability and dismissed the appeal. (Filing No. 85; Filing No. 99.) The mandate was issued on May 28, 2014. (Filing No. 102.) Over three years later, Leonor filed the motions now pending before the court.

## II. DISCUSSION

Pursuant to Rule 60(b), Leonor seeks to reopen the court's judgment regarding his procedurally-defaulted claims of ineffective assistance of trial counsel. (Filing No. 104.) He argues that *Trevino v. Thaler*, 133 S. Ct. 1911, 1912 (2013) (extending *Martinez* to state procedural frameworks where "by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise an ineffective-assistance-of-trial-counsel claim on direct appeal") applies to Nebraska, thereby extending *Martinez* to Nebraska, and that he is now entitled to relief from judgment under Rule 60(b) as shown by *Buck v. Davis*, 137 S. Ct. 759 (2017). (*Id*. at CM/ECF pp. 1-9.) In conjunction with his Rule 60(b) motion, Leonor seeks to amend his procedurally-defaulted claims. (Filing No. 103.) He argues that his proposed amendments relate back to his original claims, because "they all arise out of the same conduct, transaction, or occurrence." (*See id*. at CM/ECF pp. 14, 48.)

## A. Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleadings with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). In addition, the rule states the "court should freely give leave when justice so requires." *Id.* "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (internal quotation marks omitted).

Leonor moves to amend his habeas petition over ten years after the court denied him habeas relief. His proposed amendments include factual allegations that Leonor knew when the court first allowed him to amend his habeas petition in 2005. (*See* Filing No. 12; Filing No 103.) The court, over four years ago, rejected Leonor's first Rule 60(b) motion also predicated on *Martinez*, primarily because *Martinez* did not present the required "extraordinary circumstance" to justify reopening Leonor's procedurally-defaulted claims. Now, Leonor seeks to amend his claims under the belief that they will qualify as "substantial" within the meaning of *Martinez*, which Leonor asserts was extended to Nebraska through *Trevino*. (*See* Filing No. 104 at CM/ECF pp. 17, 19, 32.) *Trevino* was decided over four years ago, in 2013. Leonor also seeks to avoid the one-year statute of limitations for filing § 2254 habeas petitions, *see* 28 U.S.C. § 2244(d)(1). (*Id.* at CM/ECF p. 2.) The court will, therefore, deny leave to amend for the compelling reasons of undue delay, bad faith, or dilatory motive, but also because, as discussed below, futility of the amendment.

## B. Motion to Reopen Judgment Under Rule 60(b)(6)

Leonor's Rule 60(b) motion is convoluted because some of his "amended" claims are actually new claims attacking his conviction for second degree murder and others appear to be Leonor expanding on arguments for claims in his original amended habeas petition (Filing No. 12) that challenged the same conviction.[1]

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." *Gonzalez* [*v. Crosby*], 545 U.S. [524,] 530, 532, 125 S.Ct. 2641 [2005]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

---

[1] For example, Leonor seeks to amend one of his procedurally-defaulted claims to include ineffective assistance of trial counsel for failing to inform the jury of the distinction between intentional manslaughter and second degree murder. (*See* Filing No. 104 at CM/ECF pp. 19-28.) These allegations are based upon Nebraska case law that did not exist at the time of Leonor's habeas petition. *See State v. Ronald G. Smith*, 806 N.W.2d 383 (Neb. 2011) (overruling prior case law and holding that an intentional killing committed without malice upon a sudden quarrel constitutes the offense of manslaughter); *see also State v. William E. Smith*, 822 N.W.2d 401, 416-17 (Neb. 2012) (explaining that the difference between voluntary manslaughter and second degree murder is the presence or absence of sudden quarrel provocation not the intent to kill).

> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n. 4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009); *see also Davis v. Norris*, 423 F.3d 868, 878-79 (8th Cir. 2005) (petitioner's motion to remand was the functional equivalent of a second or successive petition for habeas corpus because he sought to amend his original petition and obtain an evidentiary hearing). Leonor cannot escape the strict requirements for second or successive habeas petitions under 28 U.S.C. § 2244(b) through artful pleading and masking a second habeas petition as a Rule 60(b) motion.[2] *See similarly*, *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (inmates may not bypass the authorization requirement for filing a second or successive section 2255 petition by purporting to invoke some other procedure). If Leonor wishes to continue to pursue this matter, he should file a

---

[2] Even if the court considered Leonor's Rule 60(b) motion as a proper Rule 60(b) motion, the court would deny it for two reasons. One, it is untimely. Rule 60(b) includes the "requirement that the motion 'be made within a reasonable time.'" *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Leonor filed his motion years after *Martinez* and *Trevino*, which he claims govern his case. (*See* Filing No. 104 at CM/ECF p. 9.) Leonor has also failed to present the required "extraordinary circumstance," necessary to reopen the judgment under Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(6); *Davis*, 855 F.3d at 835. His procedurally-defaulted claims of ineffective assistance of trial counsel do not compare to those in *Buck*. "*Buck* focused on the race-based nature of the case and its far reaching impact on the community by the prospect of a defendant having been sentenced to death because of his race. These extraordinary facts have no application to the present case." *Davis*, 855 F.3d at 836.

motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b).[3]

---

[3] (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus relief. *See Lambros*, 404 F.3d at 1036. A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

Leonor has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in his Rule 60(b) motion are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that: Leonor's Motion to Amend (Filing No. 103) and Motion to Reopen Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (Filing No. 104) are denied. The court will not issue a certificate of appealability.

Dated this 27th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge