IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN LUIS LEONOR,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT HOUSTON,<br><br>    Respondent. | 4:05CV3162<br><br>**MEMORANDUM AND ORDER** |

This closed federal habeas matter under 28 U.S.C. § 2254 is before the Court on Petitioner Juan Luis Leonor's ("Petitioner" or "Leonor") Motion to Reopen Judgment and Leave to Amend Dismissed Amended Petition for a Writ of Habeas Corpus under Rules 60(b)(6) and 15(a) of the Federal Rules of Civil Procedure. Filing No. 117. For the reasons below, the motion will be denied.

## I.  BACKGROUND

As relevant here, Leonor is serving consecutive sentences of 20 years to life on two counts of second degree murder and 5 to 10 years on two counts of use of a deadly weapon to commit a felony stemming from his November 28, 2000 conviction in the District Court of Douglas County, Nebraska. *State v. Leonor*, 638 N.W.2d 798, 804 (Neb. 2002); *see also* Filing No. 12 at 1. Leonor sought habeas relief in this Court, which the Court denied on July 5, 2007. Filing No. 53; Filing No. 54. In that ruling, the Court denied Ground Two of Leonor's Amended Petition, alleging insufficient evidence to sustain his convictions beyond a reasonable doubt, *see* Filing No. 12 at 40, on the merits. Filing No. 53 at 16–19. Leonor ultimately appealed that decision to the U.S.

Supreme Court. Filing No. 79. The Court denied Leonor's petition for writ of certiorari on October 6, 2008. Id.

In the more than sixteen years since his petition was dismissed, Leonor has filed two motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), Filing No. 82; Filing No. 104, and a motion to amend his habeas petition in connection with his Rule 60(b)(6) motion, Filing No. 103, all of which the Court denied, Filing No. 84; Filing No. 105.[1] Leonor also has filed unsuccessful appeals challenging the denial of his various post-judgment motions, the last of which was dismissed on March 6, 2018. See Filing No. 99; Filing No. 101; Filing No. 112. Leonor also has filed two petitions in the Eighth Circuit Court of Appeals in 2017 and 2019 seeking authorization to file a successive habeas petition, both of which were denied. Filing No. 118 at 2–3; see Filing Nos. 59, 60, 62, & 65, Case No. 4:07CV3139.[2]

The present motion is Leonor's third motion seeking relief under Rule 60(b)(6) from the Court's Judgment of July 5, 2007. Filing No. 117. Leonor asks the Court to reopen the judgment denying his Amended Petition and to allow him to amend Ground Two of his Amended Petition to the following: "The State failed to prove beyond a reasonable doubt that Petitioner committed intentional second degree murder in violation of the 14th Amendment to the U.S. Constitution." Filing No. 117-1 at 7.

---

[1] Leonor's previous Rule 60(b)(6) motions sought relief with respect to his procedurally defaulted ineffective assistance of counsel claims under *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013). See Filing No. 105 at 1–2.

[2] While Leonor's petitions to the Eighth Circuit to file a successive habeas petition clearly relate to the judgment of conviction challenged here, the Eighth Circuit petitions and denials were filed in Case No. 4:07CV3139, which is a different habeas case involving an unrelated conviction.

## II.  DISCUSSION

**A.  Standard for Review of Rule 60(b) Motion in Closed Habeas Proceeding**

A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3).  The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254.  *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals.  *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim.  For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*."  *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)].  "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."  *Id.* at 532 n.4, 125 S.Ct. 2641.  When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings."  *Id.* at 532, 125 S.Ct. 2641.  Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as

3

failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

## B. Leonor's Motion to Reopen Judgment is a Successive Petition

Leonor seeks to reopen the judgment denying his Amended Petition based upon Nebraska case law that did not exist at the time of Leonor's habeas petition. *See State v. Ronald G. Smith*, 806 N.W.2d 383 (Neb. 2011) (overruling prior case law and holding that an intentional killing committed without malice upon a sudden quarrel constitutes the offense of manslaughter); *see also State v. William E. Smith*, 822 N.W.2d 401, 416-17 (Neb. 2012) (explaining that the difference between voluntary manslaughter and second degree murder is the presence or absence of sudden quarrel provocation not the intent to kill). Leonor argues that as a result of the Nebraska Supreme Court's holding in *Ronald Smith*, clarifying that "both second degree murder and voluntary manslaughter involve intentional killing and are differentiated by the presence or absence of the sudden quarrel provocation involved in manslaughter," *State v. Glass*, 905 N.W.2d 265, 274 (Neb. 2018), his convictions for second degree murder violate the Due Process Clause as the State failed to prove that the intentional killing was committed in the absence of sudden quarrel provocation. Filing No. 118 at 19.

Despite his arguments to the contrary, *see Id.* at 4, the conclusion is inescapable that Leonor's motion raises a claim subject to the strictures of either § 2244(b)(1) or § 2244(b)(2). To the extent Leonor's claim seeks to relitigate the Court's merits determination that his second degree murder convictions were supported by proof beyond a reasonable doubt, it must be dismissed pursuant to § 2244(b)(1). Additionally, to the extent Leonor's claim asserts a new basis for relief from his state

4

court conviction based on *Ronald Smith*, it constitutes a new claim which must be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts and for which Leonor must first obtain the Eighth Circuit's authorization to file in a second or successive habeas petition. 28 U.S.C. § 2244(b)(2), (3). Indeed, Leonor specifically argues that the rule announced in *Ronald Smith* is a substantive rule which applies retroactively on collateral review. Filing No. 118 at 11–14; *but see Glass*, 905 N.W.2d at 275 (holding that rule announced in *Ronald Smith* was not new substantive rule of constitutional law, and thus did not apply retroactively). To assert such a claim in this Court, Leonor must first obtain permission from the Eighth Circuit Court of Appeals to file a second or successive habeas petition.

Because he did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, the Court will dismiss Leonor's Motion to Reopen Judgment pursuant to 28 U.S.C. § 2244(b). The Court specifically declines to transfer Leonor's purported Rule 60(b) motion to the Court of Appeals as that Court has already twice denied Leonor permission to file a successive habeas petition based on the change in law in *Ronald Smith*. *See* Filing Nos. 59, 60, 62, & 65, Case No. 4:07CV3139.

## C. Motion to Amend Petition

Leonor also seeks leave to amend his Amended Petition in conjunction with his request for Rule 60(b)(6) relief. Filing No. 117. The United States Court of Appeals for the Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" *In re*

5

*SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)).

> Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."

*Id.* (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)).

Here, in light of the Court's determination that Leonor's Rule 60(b)(6) motion constitutes an unauthorized successive habeas petition, the Court will deny Leonor's request to amend his Amended Petition as amendment would be wholly inconsistent with the standards governing Rule 60(b) relief in habeas cases.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus relief. *See U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Leonor has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in his Rule 60(b) motion are debatable among reasonable jurists, that a court could resolve the issues differently, or

that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Leonor's Motion to Reopen Judgment under Fed. R. Civ. P. 60(b)(6) and for Leave to Amend, Filing No. 117, is denied.

2. The Court will not issue a certificate of appealability in this matter.

Dated this 9th day of November, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge